JS - 6
O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESUS ROMERO, | ) | NO. CV 13-2140 JGB (AS) |
|     Petitioner, | ) | |
|     v. | ) | **ORDER OF DISMISSAL** |
| P.D. BRAZELTON, Warden, | ) | |
|     Respondent. | ) | |

Petitioner Jesus Romero ("Petitioner") is a state prison inmate presently confined at the Pleasant Valley State Prison in Coalinga, California. (Pet. 2.)  On June 7, 2013, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254 ("Petition").[1]

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has reviewed the Petition

---

[1] Petitioner initially filed this action in the Eastern District of California. On November 18, 2013, the matter was transferred to this District (Docket Entry No. 7).

in this state habeas matter. On February 11, 2009, Petitioner was convicted of one count of attempted murder resulting in great bodily injury, in violation of Penal Code §§ 664/187(A) and 12022.7.[2] On May 8, 2009, Petitioner was sentenced to eight years in prison. (Pet. 42.) Petitioner filed a state habeas petition on February 28, 2012, in the San Bernardino Superior Court, which denied that petition on March 23, 2012, with citations to In re Robbins, 18 Cal. 4th 770 (1998) and In re Clark, 5 Cal. 4th 750 (1993).[3] (Pet. 23, 34.) Thereafter, Petitioner filed a habeas petition, in case number E056426, in the California Court of Appeal, Fourth Appellate District, which was summarily denied "without prejudice due to the inadequate record" on June 21, 2012. (Pet. 39.) On August 12, 2012,[4] Petitioner filed a habeas petition in the California Supreme Court, in case number S204737, which was denied on November 20, 2012, with a citation to People v. Duvall, 9 Cal. 4th 464, 474 (1995).[5] On June 7, 2013, Petitioner filed the instant

---

[2] Petitioner did not file a direct appeal. "The issue was not raised on appeal because Petitioner plead (sic) to the charges and did not seek a certificate of probable cause." (Pet. 22.)

[3] "A summary denial citing Clark and Robbins means that the petition is rejected as untimely." Walker v. Martin, 131 S.Ct. 1120, 1126 (2011). California's timeliness requirement serves as an independent and adequate state ground to bar habeas relief in federal court. Id. at 1127-31.

[4] When a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court will deem it constructively "filed" on the date it was signed. Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2000), vacated on other grounds, 536 U.S. 214 (2002) (federal habeas petition deemed filed when presented to prison authorities for mailing).

[5] The denial of a state habeas petition with a citation to Duvall implies that the Petitioner has failed to "allege with sufficient particularity the facts warranting habeas relief." Cross v. Sisto, 676 F.3d 1172, 1177 (9th Cir. 2012); see also Gaston v. Palmer, 417 F.3d

Petition challenging the trial court's calculation of his prison term. Specifically, Petitioner claims the trial court "failed to impose full work/good time credits." (Pet. 3.) The Petition continues, "Petitioner was unconstitutionally denied credits against his sentence to which he was lawfully entitled, [i]n violation of petitioners (sic) Fifth Amendment Right to Due Process." (Id.)

The Court must dismiss the Petition because it does not comply with the timeliness requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and because Petitioner's claim of an improper sentence calculation is not cognizable on federal habeas review. Under AEDPA, state prisoners have a one-year period within which they must file a federal habeas petition. 28 U.S.C. §2244(d)(1). In habeas actions, district courts "have the authority – though not the obligation –" to consider the timeliness of petitions under AEDPA "on their own initiative." Wood v. Milyard. ___ U.S. ___, 132 S. Ct. 1826, 1834 (2012). Where the prisoner "is accorded a fair opportunity to present his position," a district court may determine "whether the interests of justice would be better served by addressing the merits [of an untimely habeas petition] or by dismissing the petition as time-barred." Id. (quotations omitted).

The AEDPA limitations period is triggered when state court appellate review becomes final, or under other specific conditions set forth in the statute. 28 U.S.C. § 2244(d)(1)(A-D); Lee v. Lampert, 653 F.3d 929, 933 (9th Cir. 2011). The limitations period is tolled when

---

1030, 1039 (9th Cir. 2005).

3

a prisoner properly files an application for state post-conviction review (statutory tolling) and during the period of time between such state habeas proceedings (gap tolling). 28 U.S.C. §2244(d)(2). AEDPA's statutory limitations period may also be tolled for equitable reasons "in appropriate cases." Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). The Ninth Circuit recognizes the availability of equitable tolling of the one-year statute of limitations in situations where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). This is a highly fact-dependent determination which requires a prisoner to establish that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstances caused the delay. Id.; Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Here, Petitioner's conviction became final on August 8, 2009, upon the expiration of the 90-day period for filing a petition for certiorari in the United States Supreme Court. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Yet, Petitioner waited approximately three years before seeking state habeas review of his case, and over four years to commence this federal action. Accordingly, the Petition is untimely under AEDPA. Moreover, Petitioner fails to present any information entitling him to either statutory or equitable tolling.

Alternatively, the Court notes that the AEDPA precludes relief for the claim presented. Petitioner avers that the state court misinterpreted or misapplied California law regarding presentence credits that were assertedly due. Petitioner's argument fails to raise

a claim cognizable on federal habeas relief. Federal habeas corpus relief may be granted only "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Mere errors in the application of state law are not cognizable on federal habeas corpus review. Id.; Estelle v. Mcguire, 502 U.S. 62, 67-78 (1991); see also Brooks v. Pouly, 370 Fed. Appx 826 (9th Cir. 2010) ("determination of...calculating the restoration of good time credits is an unreviewable issue of state law").

For all of the foregoing reasons, the Petition is denied and dismissed with prejudice.

DATED: December 27, 2013.

_____
JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE